THE STATE, EX REL. EBERLING ET AL., *v.* NUGENT, JUDGE.

[Cite as State, ex rel. Eberling, *v.* Nugent (1988), 40 Ohio St. 3d 129.]

(No. 88-1791—Submitted December 2, 1988—Decided December 9, 1988.)

*Daniel Gaul* and *John M. McDermott,* for relators.

*John T. Corrigan,* prosecuting attorney, *Christa D. Brunst* and *George Rukovena,* for respondent.

*Per Curiam.* Relators maintain that the trial court is without jurisdiction to proceed to trial until the court of appeals rules on the denial of their motion to consolidate. However, the pendency of relators' interlocutory appeals does not deprive the trial court of jurisdiction over their case, because the court of appeals itself lacks jurisdiction over those appeals.

A court of appeals has appellate jurisdiction to review judgments or final orders of inferior courts. Section 3(B)(2), Article IV, Ohio Constitution. Clearly, the denial of a motion to consolidate is not a judgment. See *State* v. *Hunt* (1976), 47 Ohio St. 2d 170, 174, 1 O.O. 3d 99, 101, 351 N.E. 2d 106, 109. Nor, in our view, is it a final order.

R.C. 2505.02, in pertinent part, defines a "final order" as "* * * an order that affects a substantial right made in a special proceeding * * *." We have held that "a prime determinant of whether a particular order is one made in a special proceeding is the practicability of appeal after final judgment." *Bernbaum* v. *Silverstein* (1980), 62 Ohio St. 2d 445, 447, 16 O.O. 3d 461, 463, 406 N.E. 2d 532, 534. If relators are prejudiced by the denial of their motion, and such prejudice results in their convictions, appeal after conviction is clearly practicable. Indeed, we considered such an appeal this very term. See *State* v. *Brown* (1988), 38 Ohio St. 3d 305, 308-309, 528 N.E. 2d 523, 531.

We hold that the trial court's denial of the motion to consolidate was not a final appealable order. Therefore, the court of appeals had no jurisdiction to consider the issues

raised in the appeals, and its erroneous assertion of jurisdiction did not affect the jurisdiction of the trial court. Accordingly, we deny the writ.

*Writ denied.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and H. BROWN, JJ., concur.

WRIGHT, J., concurs in judgment only.