**State v. Alderman**
*[Cite as 8 AOA 175]*

*Case No. 1433*

*Athens County, (4th)*
*Decided December 11, 1990*

Thomas S. Hodson, Eslocker, Grim, Hodson & Dioguardi, Athens, Ohio, for Appellant.[1]

K. Robert Toy, Assist. Prosecutor, Athens County Prosecutor's Office, Athens, Ohio, for Appellee.

HARSHA, J.

This matter is before us on appeal from a judgment of conviction following a jury trial in the Athens County Court of Common Pleas. Ultimately, appellant was tried and found guilty of two counts of gross sexual imposition in violation of R.C. 2907.05(A) (3).

Appellant was brought to trial for the first time on February 9, 1989, on three charges of gross sexual imposition. In count one, the alleged victim was Rachel Rakovan. As to counts two and three, the alleged victim was Denise Danielle Wolfe. At the conclusion of the first trial, the jury was unable to return a verdict and subsequently, was discharged on February 13, 1989. Following the discharge, appellant filed a motion for judgment of acquittal. The trial court granted the motIon as to count one and denied it as to counts two and three.

On August 3, 4, and 5, 1989, the state retried appellant on counts two and three. The jury returned guilty verdicts. Appellant filed this appeal following the convictions.

In his first assignment of error, appellant asserts:

"THE TRIAL COURT COMMITTED PREJ-UDICIAL ERROR BY IMPROPERLY DENY-ING DEFENDANT/APPELLANT'S MOTION FOR RELIEF OF PREJUDICIAL JOINDER FOR THE FIRST TRIAL."

On July 27, 1988, prior to his first trial, appellant filed his motion for relief from prejudicial joinder, pursuant to Crim. R. 14, requesting the trial court to order a separate trial on count one of the indictment. Appellant argued in the motion that he would be prejudiced by the joinder in that R.C. 2907.05(D)[2] would be violated. He argued that if the counts were tried together, the state would be permitted to introduce specific instances of alleged sexual conduct with Rakovan, which would prejudice the jury in deciding the Wolfe indictments, and vice versa. Appellant further argued that none of the specific exceptions found in R.C. 2907.05(D) existed in this case. Additionally, he argued, even if the evidence did fall within an exception, the trial court was required by the statute to hold a hearing to determine whether the evidence was material and that its prejudicial nature did not outweigh its probative value. Appellant finally argued that the combination of the two alleged victim's testimony would violate R.C. 2945.59,[3] the "similar acts" statute.

The state filed a memorandum in opposition to appellant's motion for relief from prejudicial joinder. The trial court, prior to the first trial, denied appellant's motion stating that joinder of the counts would not prejudice appellant and was not contrary to statute.

In his appellate brief, appellant reasserts the preceding arguments and adds that the trial court never conducted the hearing mandated in R.C. 2907.05(D). Appellant concludes that the trial court improperly refused to sever the counts. As a result, the first trial ended in a hung jury, as opposed to an acquittal. Appellant was prejudiced by having to defend against a second trial which resulted in his conviction. Appellant maintains that the appropriate remedy is for this court to hold that the trial court's action constitutes prejudicial error, reverse the subsequent convictions and dismiss the charges.

The state contends that appellant is precluded from pursuing an appeal of this issue because he did not raise it on appeal to this court following the first trial. Based upon the following discussion, we hold that while appellant perfected a timely appeal, the issue which he is appealing has been rendered moot.

The Ohio Supreme Court has determined that the initial denial of a motion to consolidate one defendant's case with those of two co-defendants is not a final appealable order. *State, ex rel. Eberling v. Nugent* (1988), 40 Ohio St. 3d 129. The court cited to R.C. 2505.02 which

defines a "final order" as "an order that affects a substantial right made in a special proceeding***." The court reiterated that "a prime determinant of whether a particular order is one made in a special proceeding is the practicability of appeal after final judgment." *Id.* at 129, citing to *Bernbaum v. Silverstein* (1980), 62 Ohio St. 2d 445, 447. In *Nugent,* the court specifically stated that if the defendants were prejudiced by the denial of their motion to consolidate, and the prejudice results in their convictions, appeal after conviction is clearly practicable. *Id.* Likewise, the initial denial of a motion to sever is not a final appealable order. As in *Nugent,* if appellant was prejudiced by the denial of his motion to sever, and that prejudice resulted in his conviction, then he is afforded the adequate remedy of appeal after his conviction.

This case is procedurally different from the situation contemplated in *Nugent.* In the case *sub judice,* appellant was not convicted at his first trial following to sever. The his motion jury was unable to return a verdict and therefore had to be discharged as a hung jury. After the discharge, appellant filed a motion for acquittal pursuant to Crim. R. 29(C). The trial court granted the motion as to count one and denied it as to counts two and three. The practical effect of this holding went beyond severing the counts as originally requested by appellant.

In accordance with the rationale of *Nugent,* appellant may not file an appeal from an order denying his motion to sever unless and until the denial of the motion results in his conviction.

Moving to the merits of the appeal, we hold that the trial court properly found that R.C. 2905.07(D) had no application to the case at bar. Boiled down to its essence, appellant's real argument is "if you throw enough mud against the wall, some of it will stick." Appellant contends R.C. 2905.07(D) prevents she state from trying two "weak cases" together in an effort to obtain convictions which could not be accomplished separately, based upon the cumulative impact of evidence of specific instances of sexual activity of the defendant, i.e. molesting *both* young girls.

Appellant misconstrues the meaning and purpose of the statute. According to appellant's logic, the state could never join for trial, sexual crimes by one defendant against separate victims, because the evidence of sexual misconduct in one count or charge would be a specific instance of sexual activity within the meaning of R.C. 2907.05(D) as to all other counts or charges. This clearly is not the case. Evid. R. 404(A) provides that evidence of character of the victim or defendant is generally inadmissible. In certain sex offenses, however, it shall be admissible as provided by statute. The purpose of including this provision in the rule was to assure that the rule did not supercede R.C. 2907.05(D) and other related statutes See Staff Note to Evid. R. 404(A).

Evid. R. 404(A) and R.C. 2907.05(D) are designed to limit evidence of a defendant's *character* for sexual activity to specific narrow issues , i.e. source of semen, pregnancy, disease or "other acts" under Evid. R. 404(B).[4] The rule and statute prohibit evidence of other sex acts to avoid the inference that the defendant acted in conformity with his predisposition or *character.* They are not designed to prevent introduction of evidence of multiple *crimes* in multiple count indictments where Crim. R. 8(A) is applicable.

Crim. R. 8(A), Joinder of Offenses, provides, in its entirety:

"Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct."

When offenses are joined under Crim. R. 8(A), they may be severed under Crim. R. 14 only upon a showing by the accused that his rights will be prejudiced by continued joinder. The issue of severance is one in which the trial court is afforded much discretion. *State v. Torres* (1981), 66 Ohio St. 2d 340.

Here, the joined offenses are clearly "of the same or similar character" and the trial court did not abuse its discretion in denying joinder.[5] Furthermore, it was correct in its pronouncement that R.C. 2907.05(D) was not applicable. Since the statute did not apply, the court obviously was not required to apply its balancing provisions.

In his brief, appellant argues that this court should hold that the trial court committed prejudicial error, for had the trial court originally granted his motion to sever, the first trial would have ended in acquittal, not as a hung

jury. Appellant's argument is speculative at best and completely unsupported by the facts. In the second trial, the original counts were "severed" as requested and appellant was tried only on counts two and three. The second trial ended in convictions, as opposed to acquittals as theorized by appellant. Therefore, while appellant finally was convicted of counts two and three, appellant cannot argue that the failure to sever was prejudicial and that the prejudice caused the conviction in the second trial.

Assuming *arguendo*, that it was error to deny the motion for severance in the first trial, such error was rendered harmless when the trial court partially granted the motion to acquit. Upon partially granting the motion, appellant was afforded more relief than he would be entitled to if he had pursued a successful appeal on the issue. That is, if the first trial on all three counts had ended in a conviction, and if this court, on appeal, had found that the trial court committed prejudicial error by not severing the counts, the only remedy this court would have granted would be to order the indictment severed and to remand the matter back to the trial court for new, separate trials.

Accordingly, we hold that appellant's first assignment of error is not well-taken.

Appellant asserts in his second assignment of error that:

"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT GRANTING COMPLETELY DEFENDANT/APPELLANT'S MOTION FOR ACQUITTAL AT THE END OF THE FIRST TRIAL."

Appellee argues that appellant should be precluded from raising this issue on appeal since the proper time to file the appeal was at the conclusion of the first trial. Denial of a motion for acquittal is not a final, appealable order even when made after a hung jury mistrial. *Richardson v. United States* (1984), ___ U.S. ___; 104 S. Ct. 3081; *United States v. Carnes* (C.A.9, 1980), 618 F. 2d 68, 70; *United States v. Young* (C.A.9, 1976), 544 F. 2d 415, 416, cert. denied, (1976), 429 U.S. 1024. Therefore, in this instance, appellant did not have the opportunity to appeal the partial denial of his motion for acquittal following the hung jury until the conclusion of the second trial. Appellant has filed a timely appeal of this issue.

On review of this assignment of error, we must determine whether the trial court properly denied the motion for acquittal. Both parties agree that in answering this question *State v. Bridgeman* (1978), 55 Ohio St. 2d 261, is controlling, and states:

"A court shall not order an entry of Judgment of Acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."

However, after reviewing appellant's brief and the record, we find that we have no transcript of the first trial to review to determine whether reasonable minds could determine whether the state has proved each material element of the charged crimes beyond a reasonable doubt. The duty to provide a transcript for appellate review falls upon appellant. *Columbus v. Hodge* (1987), 37 Ohio App. 3d 68. When portions of a record necessary for the resolution of assigned errors are omitted, we have nothing to pass upon. Therefore, we have no choice but to presume the validity of the lower court's proceedings. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St. 2d 197, 199.

Accordingly, the second assignment of error is not well-taken.

Appellant asserts in his third assignment of error that:

"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN THE SECOND TRIAL BY ALLOWING THE TESTIMONY OF DR. JUDITH RHUE TO BE PLACED BEFORE THE JURY IN CONTRADICTION OF *STATE v. BOSTON*, 46 OHIO ST. 3D 108 (1989)(sic)."

In *State v. Boston*, *supra*, the Ohio Supreme Court held that an expert may not testify as to her opinion whether the victim was truthful when making statements to the expert. The court referenced Justice Brown's concurring remark in *State v. Eastham* (1988), 39 Ohio St. 3d 307, 312, wherein he stated that such an opinion:

"acted as a litmus test of the key issue in the case and infringed upon the role of the fact finder, who is charged with making determinations of veracity and credibility. *** In our system of justice, it is the fact finder, not the so-called expert or lay witnesses, who bears the burden of assessing the credibility and veracity of witnesses."

The Supreme Court has stated conclusively that it is prejudicial error for an expert to testify as to the expert's opinion of the veracity

of the statements of a child declarant. *Boston, supra,* at 129.

A review of Rhue's testimony indicates that the state never asked Rhue for her opinion as an expert on the veracity of the victim nor did Rhue render such an opinion. The state did ask Rhue whether she discovered any inconsistencies in the victim's interviews. Rhue testified that there were no inconsistencies in the victim's interviews from April, 1988 until April, 1989. The state's next question was what factors does Rhue use in general to determine an individual's credibility. The state cautioned the witness that the question was general and not specifically related to the victim. Rhue's response outlined a number of factors:

1) complexity of a story; 2) *full story v. rough outline*; 3) story consistency; 4) is the child in touch with reality; and 5) does the child know the difference between truth and lies.

Rhue's testimony does not invade the jury's province to determine the veracity of any and all witnesses. Her testimony is quite direct. She stated that the victim consistently told the same story. As to the issue of veracity, consistency is only one factor which Rhue professionally would look at to determine a child's veracity or credibility. Rhue did not testify as to her opinion of how the victim rated on the remaining factors, nor did she render her ultimate opinion as to whether she felt the victim was truthful or credible.

The trial court, in its jury instructions, told the jury what factors it should look to when determining the credibility of all witnesses, including the victim. Rhue's testimony did not invade the jury's domain as contemplated in *State v. Boston, supra.*

Accordingly, appellant's third assignment of error is not well-taken.

Appellant asserts in his fourth assignment of error that:

"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ALLOWING CERTAIN EVIDENCE TO BE PRESENTED BY THE STATE AT THE SECOND TRIAL WHICH WAS NOT PROPERLY PROVIDED BY DISCOVERY AND DISALLOWING OTHER EVIDENCE IN VIOLATION OF THE RULES OF EVIDENCE."

Prior to trial, the court ordered the state to review all discovery requests and either disclose information which was favorable to the defense and material to the issues of guilt or punishment, or to provide certification that the materials held by the state contained no favorable information material either to guilt or punishment. At trial, appellant objected to the state for the first time, producing notes of Tom Marx of Athens County Children's Services. Appellant argued that the state was under a duty to either provide discovery in a timely fashion or to follow the court's certification procedure.

After reviewing the record, we find that the notes which appellant objected to in the second trial had been disclosed to appellant in supplemental discovery on July 20, 1989. Tom Marx's testimony from his notes at trial corresponds to the notes disclosed to appellant two weeks prior to trial. Since the state disclosed the materials, it was not under an obligation to certify. We hold that the trial court did not err in permitting Marx to testify from his notes.

Appellant also asserts that the trial court committed prejudicial error in a number of its evidentiary rulings. The trial court in a pretrial order stated that the term "trial" was not to be used in the second trial to allude to any occurrence in the first trial. The preferred term to be used when necessary was "prior proceeding." Appellant now claims that he was prejudiced by the state's use of the word "trial" on pages 271 and 379 of the transcript.

Upon review of the transcript, we note that appellant's counsel failed to object to the use of the term "trial." "[A]n appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called, but did not call to the trial court's attention at a time when such errors could have been avoided or corrected by the trial court." *State v. Childs* (1968), 14 Ohio St. 2d 56, paragraph three of the syllabus. The objection to the violation of the trial court.'s order should have been made at trial, when the court had an opportunity to correct any error.

Even if appellant's counsel had objected in a timely manner to the use of the term "trial," any error was harmless error. "Error in the admission of evidence is harmless if there is no reasonable possibility that the evidence may have contributed to the accused's conviction. In order to hold the error harmless, the court must be able to declare a belief that the error was harmless beyond a reasonable doubt." *State v. Bayless* (1976), 48 Ohio St. 2d 73, 106. In appellant's brief, he failed to establish how he was prejudiced by one witness' reference to the other trial or the state's reference to a trial

transcript. After reading the transcript as a whole, it is obvious that the two uses of the term "trial" in a five hundred thirty page transcript was merely inadvertent. The violation of the court order was harmless error beyond a reasonable doubt.

Finally, appellant argues that the trial court improperly restricted him from presenting the testimony of Mr. O'Nail, who would testify that Mr. Crow, a live-in boyfriend of the victim's mother, had been in the Athens Mental Health Center for a period of time. Appellant claims that this testimony is relevant since it pertains to Dr. Rhue's testimony that a person with mental health problems living in the home could have had an impact on the children in question.

Relevant evidence means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid. R. 401. The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St. 3d 173, 180. The question of whether evidence is relevant is not ordinarily a question of law but rather, is one which the trial court resolves based on common experience and logic. *State v. Lyles* (1989), 42 Ohio St. 3d 98, 99.

Here, the trial court properly disallowed O'Nail's testimony. At the bench conference, appellant's attorney conceded that O'Nail had no idea why Crow was at the facility or how long Crow had been there. O'Nail did not know whether Crow was being treated for a mental disease or mental health problems. Further, O'Nail saw Crow at the facility in 1977, approximately five years before he became acquainted with the victim's family.

Clearly, this testimony is irrelevant since the witness cannot testify as to the nature and extent of Crow's contact with the mental health center. O'Nail's testimony failed to establish that Crow had a mental health problem, and even if he did, what the problem was. Finally, there is no indication that even if Crow had a mental health problem in 1977, that it continued to exist when he became acquainted with the victim's family.

Accordingly, appellant's fourth assignment of error is not well-taken.

Appellant asserts in his fifth assignment of error that:

"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN THE SECOND TRIAL BY ALLOWING THE MATTER TO GO BEFORE THE JURY WITHOUT EVIDENCE OF EACH ELEMENT OF OHIO REVISED CODE SECTION 2907.05."

Appellant argues that the record is silent as to any sexual arousal or gratification of either appellant or the victim for the charge of gross sexual imposition pertaining to counts two and three.

R.C. 2907.05 and 2907.01(B) do not define "sexual arousal or gratification." The Franklin County Court of Appeals has determined that "the statutes contemplate any touching of the described areas which a reasonable person would perceive as sexually stimulating and gratifying." *State v. Astley* (1987), 36 Ohio App. 3d 247, 250, citing to *State v. House* (1984), 66 Ore. App. 953, 957, modified (1985), 299 Ore. 78. Here, the victim testified that on April 11, 1988, appellant shut himself and the victim in his closet. He, then, unbuttoned four buttons on her blouse, shoved the blouse to one side and licked the victim's breast region. The trial court did not error in submitting the count to the jury for its determination. A reasonable person would perceive the touching or licking of the breast region, which is described in R.C. 2907.05(B), as sexually arousing or gratifying.

Count two charges appellant with gross sexual conduct for the period of time between January 1 through February 28. The victim testified that on a date between January 1 and February 28, 1988, appellant came to the victim's home and asked her to help him reset his VCR. The victim offered the following testimony:

"A. We were driving down in the car and we got to his apartment and he went to use the bathroom, but he said, take off all your clothes and go lay in my bed. And he came in naked and he layed down beside me and he said, do you want me to lick you. And I said, no. And then he put his penis on me here.

"Q. Where?

"A. Right here.

"Q. On your vagina?

"A. Yes.

"Q. Did he put it anywhere else at that time?

"A. No.

"Q. Did he try to at that time? If you remember.

"A. Yes. He tried to have me put it in my mouth.

"Q. What?

"A. He tried to have me put it in my mouth, but I didn't."

Pursuant to *Astley,* a reasonable person would perceive appellant's touching of the victim's vagina with his penis as sexually gratifying.

The trial court did not err in placing the counts before the jury since the state did present evidence as to the element of sexual arousal or gratification. A victim's testimony, if found credible by the jury, is sufficient to sustain a conviction for gross sexual imposition. The state does not bear the burden of eliciting testimony from appellant as to sexual arousal or gratification.

Accordingly, appellant's fifth assignment of error is' not well-taken.

Appellant's sixth assignment of error states:

"THE TRIAL COURT COMMITTED PREJ-
UDICIAL ERROR IN THE SECOND TRIAL
BY PERMITTING A PROCEDURALLY
IMPROPER JURY VERDICT TO BE FILED."

Appellant argues that the verdict form returned by the jury in this case was improper in that the general verdict did not state the degree of the offense charged nor did it state the additional element of the victim's age. R.C. 2945.75 states in pertinent part:

"(A) When the presence of one or more additional elements make an offense one of more serious degree:

"***

"(2) a guilty verdict shall state either the degree of the offense or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."

This issue has been decided by this court in *State v. Kuhn* (October 30, 1989), Athens App. No. 1377, unreported. This court held that any error in omitting the degree of the felony or the element of the victim's age in a verdict of guilty for the offense of R.C. 2907.05(A) (3) is nonprejudicial where the indictment indicated the age element and the trial court instructed the jury on the age element. This court cited to *State v. Heidelberg* (1986), 30 Ohio App. 3d 265, wherein the appellate court stated that it is unnecessary for the general verdict to contain the age element so long as the jury concluded in its delib-

eration that the victim was under the age of thirteen.

Upon further review of the issue, we reaffirm our holding in *Kuhn* and add the following supporting rationale. A general verdict changing the offense of R.C. 2907.05(A) (3) is not defective where it does not contain the degree of the offense charged or the age of the victim. R.C. 2945.75 applies only to those charges where "the presence of one or more additional elements makes an offense one of more serious degree." In gross sexual imposition as charged and indicted in this case under 2907.05(A) (3), the age of the victim is an *essential* element. It is not an *additional* element. If the state could not prove that the victim was less than thirteen years old, then a crime has not been committed unless the state also charged and presented evidence under R.C. 2907.05(A)(1) or R.C. 2907.05(A) (2), which it did not. These crimes are all separate and distinct with separate and distinct penalties. The offense charged in the indictment is Gross Sexual Imposition in violation of R.C. 2907.05(A) (3). That offense is always a felony of the third degree. There are no additional elements which raise or lower the penalty for that section. Each crime entails a unique element, not an additional element. Therefore, R.C. 2945.75 is not applicable. Further, it is not error to fail to state the degree of the offense on the general verdict form where the indictment clearly states all the elements necessary to state an offense under R.C. 2907.05(A) (3). The jury was instructed as to all the essential elements to find appellant guilty of R.C. 2907.05(A) (3).

Accordingly, appellant's sixth assignment of error is overruled.

Appellant asserts in his seventh assignment of error that:

"THE COURT COMMITTED PREJUDICIAL
ERROR BY NOT GRANTING DEFEN-
DANT/APPELLANT'S MOTION FOR AC-
QUITTAL SUBSEQUENT TO
THE SECOND TRIAL."

Appellant filed a motion for acquittal pursuant to Crim. R. 29(C) alleging that using the criteria of *State v. Bridgeman* (1978), 55 Ohio St. 2d 261; *Cincinnati v. Robben* (1982), 8 Ohio App. 3d 203; and *State v. Brown* (1982), 7 Ohio App. 3d 113, the court should have granted the motion in that reasonable minds could have come to but one conclusion and that is appellant is not guilty. Appellant supports his motion by alleging that the record is void of

any credible corroborating evidence to support a finding of guilt on behalf of appellant. Appellant claims that the victim was coached so that she would cry and become very emotional while testifying, apparently in an attempt to bolster her credibility. Appellant alleges that in previous proceedings, the victim was not crying, but was grinning while testifying. He also contends that the state provided the victim with two new friends to help coach her. Appellant concludes by pointing out the inconsistencies between the victim's and her younger sister's testimony.

If reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt, the question is one for determination by a jury. *State v. Antill* (1964), 176 Ohio St. 61. However, when reviewing the evidence in a light most favorable to the state, a reasonable mind could not fairly find each element of the offense charged beyond a reasonable doubt, a trial court must grant the motion for acquittal. *Cincinnati v. Robben* (1982), 8 Ohio App. 3d 203. Applying these standards to the case before us, we find that there was sufficient evidence at the close of the state's case upon which reasonable minds could conclude that appellant was guilty of two counts of gross sexual imposition.

The state presented evidence of appellant's guilt through the testimony of the victim. Portions of the victim's testimony was corroborated by her younger sister and appellant. All three testified that appellant babysat for the victim and her sister on relevant dates; that appellant played games with the sisters; and that appellant was in the closet with the victim on one of the dates in question. Appellant even testified that he gave the victim gifts of perfume and other items as testified to by the victim. The statute does not require that the victim's testimony be corroborated either in part or in full.

Appellant claims that the victim was coached to be more emotional. Also, appellant alleges substantial inconsistencies between the victim's testimony and her younger sister's testimony thereby further destroying the credibility of the victim. As noted by the trial court, the credibility of the witnesses is a question solely within the province of the jury. *State, ex rel. Wise v. Chand* (1970), 21 Ohio St. 2d 113, 119. Appellant has failed to draw this court's attention to any glaring inconsistency which would completely destroy the victim's credibility

to any reasonable mind. As in any trial, the witnesses' testimony contain inconsistencies It is the function of the jury to weigh the testimony and the effects of any inconsistencies

Appellant's contention that the victim's testimony was coached is an issue that should have been left to the jury to decide. Appellant's counsel brought out on cross-examination and in closing arguments, the inconsistency between the victim's behavior at the second trial and her demeanor in prior proceedings. Further, the jury also heard testimony that the state introduced the victim to two new friends. These allegations do not support the contention that the state improperly coached the witness

Finally, appellant alleged that the trial court erred by permitting Ms. Goldfarb to sit at counsel table while the victim testified. The record clearly demonstrates that the jury did not know the identity of the woman and why she was sitting at counsel table. There was no communication between Goldfarb and the victim. Absent an affirmative demonstration of prejudice, we will not hold this conduct improper.

Accordingly, appellant's seventh assignment of error is overruled.

Appellant's eighth assignment of error alleges that:

"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT GRANTING DEFENDANT/APPELLANT'S MOTIONS FOR NEW TRIAL FILED SUBSEQUENT TO THE SECOND TRIAL."

Appellant filed two motions for new trial pursuant to Crim. R. 33. The motions raised the following issues:

1) misconduct of a witness; 2) irregularities in the trial; 3) verdict could not be sustained by the weight of the evidence; and 4) ineffective assistance of counsel. The trial court overruled the motions on the basis that they were not filed in a timely manner. Counsel had requested an extension of time to file a motion for judgment of acquittal, but did not request the extension to include a motion for new trial. Appellant filed a third motion for new trial based upon irregularities in proceedings, Crim. R. 33(A)(1) and newly discovered evidence, Crim. R. 33(A) (6).

First, the trial court did not err by overruling the motions for new trial on the basis that they were not filed in a timely manner. Crim. R. 33(B) clearly provides that a motion for new trial must be filed within fourteen days after

the verdict was rendered, unless it is shown, by clear and convincing evidence, that the defendant was unavoidably prevented from filing his motion for a new trial. Appellant's present counsel states that the failure to file the extension of time to include a motion for new trial, was inadvertence on behalf of appellant's counsel. We cannot deem this to constitute clear and convincing evidence that appellant was "unavoidably prevented" from filing his motions.

Even if the trial court had erred by overruling appellant's motions, such error is harmless. Appellant raised all these issues on appeal. We found that the issues were without merit and did not constitute reversible error. The trial court denied appellant's motion for a new trial, filed on the basis of a new case, *State v. Boston* (1989), 46 Ohio St. 3d 108. As stated in our discussion on the third assignment of error, the testimony of Dr. Rhue did not contravene the Supreme Court's holding. Therefore, the trial court properly overruled the motions for new trial even if it was for the wrong reason. This court reviews judgments, not the rationale behind them. *Taylor v. Yale & Town Mfg.* (1987), 36 Ohio App. 3d 62, 63; *Halley v. Grant Trucking* (Apr. 17, 1990), Jackson App. No. 605, unreported.

Accordingly, appellant's eighth assignment of error is overruled.

Appellant asserts in his ninth assignment of error that:

"APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AND, THEREFORE, WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT OF DUE PROCESS AND ASSISTANCE OF COUNSEL GUARANTEED UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND BY ARTICLE I, SECTION 10 AND 16 OF THE OHIO CONSTITUTION."

The United States Supreme Court, in *Strickland v. Washington* (1984), 466 U.S. 668, adopted a two-prong analysis for determining whether counsel's performance was so defective as to require a reversal of a conviction:

"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Id.* at 687. Counsel is "strongly presumed" to have rendered adequate assistance. Further, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689.

The *Strickland* test is essentially the same as the standard set forth by the Ohio Supreme Court in *State v. Hester* (1976), 45 Ohio St. 2d 71, 79 and *State v. Lytle* (1976), 48 Ohio St. 2d 391, 395. A properly licensed attorney in Ohio is presumed competent. *Vaughn v. Maxwell* (1965), 2 Ohio St. 2d 299, 301. The burden of proving ineffectiveness is on the defendant. *State v. Smith* (1981), 3 Ohio App. 3d 115. It is also recognized that a defendant is not deprived of effective assistance of counsel "when counsel chooses, for strategical reasons not to pursue every possible trial tactic." *State v. Brown* (1988), 38 Ohio St. 3d 305, 319.

The first ground for the claim of ineffective assistance of counsel is that counsel failed to object to the qualifications of Dr. Rhue. The transcript contains a detailed account of Dr. Rhue's qualifications. Dr. Rhue testified that she had testified as an expert in the field of child sexual abuse in fifteen previous cases. On cross-examination, counsel did question Dr. Rhue as to her qualifications. The record clearly indicates that Dr. Rhue is qualified to testify as an expert in this field. Counsel's failure or refusal to object to her qualifications is presumed to be a tactical decision and, in this instance, will not support a claim of ineffective assistance of counsel.

Appellant next claims that counsel's failure to object to Robert Toy's physical demonstration with Allyson Wolfe before the jury was a violation of his duty and prejudiced the outcome of the case. After reviewing that portion of the transcript, we cannot hold that counsel violated any essential duty to his client by not objecting to the state's physical demonstration with Allyson Wolfe. The record does not reflect any basis for sustaining such an objection. The state requested that Allyson arrange Toy in the same position that appellant was in when he was in the closet with the victim. There is no evidence that the demonstrations were exaggerated or inaccurate.

Appellant next contends that counsel failed in his duties because he lost possession of certain evidence of appellant's whereabouts during summer periods when the victim accused him of sexual contact. Further, counsel failed to help appellant secure replacement evidence of his whereabouts during those times. Even if counsel had misplaced these items, they were not relevant and not admissible in this case. The relevant times in this case are the periods from January 1 to February 28, 1988, and April 11, 1988. In his brief, appellant urges that the evidence would have shown that he had been working in other states during summer periods when he was accused of sexual contact with the victim. Appellant's whereabouts during the summer months are not at issue.

Appellant next asserts that counsel was ineffective in that counsel did not introduce the initial interview tapes that were played at the first trial. Appellant argues that these tapes would show a sharp contrast in the victim's attitude and inconsistencies regarding the placement of clothing. Appellant also attacks counsel for not asking questions of the victim and her sister as to their activities for the last two weeks of January 1988. Appellant alleges that this was successfully done in the first trial. As noted previously, we do not have a transcript from the first trial. Therefore, we cannot judge what line of questioning was effective or what evidence was produced. The tape is not a part of this record, therefore, we cannot evaluate its relevance or effectiveness. The General Assembly has provided a procedure whereby appellant can present evidence of his counsel's ineffectiveness through the post-conviction remedies of R.C. 2953.21. *State v. Cooperrider* (1983), 4 Ohio St. 3d 226, 228. The supreme court has stated that when the trial record does not contain sufficient evidence regarding the competency of counsel, an evidentiary hearing is required to determine the allegation. *State v. Hester*, supra. This is the proper forum for this portion of appellant's claim. The doctrine of *res judicata* should not prevent appellant from raising the issue of ineffective assistance of counsel in a post-conviction hearing. *State v. Cooperrider*, supra. "As long as no direct appeal was taken, or the claim of incompetent counsel was not raised and adjudicated on direct appeal, *res judicata* does not bar the adjudication of this issue in post-conviction proceedings." *State v. Gibson* (1980), 69 Ohio App. 2d 91, 99. We cannot adjudicate this portion of the assignment

of error. Therefore, appellant is free to petition for a post-conviction evidentiary hearing to develop a complete record upon which this issue may be adjudicated.

Appellant argues that defense counsel did not properly prepare Pearl Clark as a witness. After reviewing his testimony, we cannot find any evidence that counsel failed to prepare the witness. While Clark's testimony was somewhat confusing, there is nothing in the record to reflect that this was the result of counsel's failure to prepare the witness, as opposed to the witness' nervousness.

Appellant contends counsel was ineffective since he did not object to the victim's conduct at trial or to Goldfarb sitting at counsel table. The decision to object to witness conduct is a tactical decision within the province of defense counsel. Additionally, we held in our discussion in the seventh assignment of error that it was not reversible error for Goldfarb to sit at counsel table. Therefore, counsel's failure or refusal to object cannot support a claim of ineffective assistance of counsel.

Appellant next charges that counsel was ineffective since he did not make a motion for acquittal at the end of the state's case or at the end of trial. In our discussion on the seventh assignment of error, we held that appellant was not entitled to an acquittal. Again, it was not error, nor was it ineffective assistance of counsel not to make a motion for acquittal. Finally, appellant contends that counsel was ineffective since he misstated facts and failed to request an extension of time to file a motion for new trial. Appellant does not cite any specific misstatement of fact. He has not demonstrated how he has been prejudiced. Our rationale concerning the motion for new trial are set forth as follows:

Appellant fails to allege any grounds for a new trial which have not been presented to the trial court in his motion for judgment of acquittal or to this court on appeal. Neither the trial court nor this court found any merits to those arguments. If appellant is alleging that a new trial should be granted for reasons other than those set out in his assignment of errors in general or his motion for acquittal specifically, then he bears the burden of setting forth those grounds and demonstrating that he has a plausible claim. As it is, reviewing the record and the briefs, we cannot find that appellant was entitled to a new trial. Therefore, appellant has failed to show that counsel's failure to

extend time to request a new trial prejudiced him in any manner.

For the foregoing reasons, we hold that appellant's trial counsel was not ineffective. Accordingly, appellant's ninth assignment of error is overruled.

The judgment of the trial court is affirmed.

STEPHENSON, J., and ABELE, J., concur in judgment and opinion.

---

[1] Appellant's counsel on appeal was not appellant's trial counsel.

[2] R.C. 2907.05(D) provides:

"Evidence of specific instances of the victim's sexual activity, opinion evidence of the victim's sexual activity, and reputation evidence of the victim's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.

"Evidence of specific instances of the defendant's sexual activity, opinion evidence of the defendant's sexual activity, and reputation evidence of the defendant's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, the defendant's past sexual activity with the victim, or is admissible against the defendant under section 2945.59 of the Revised Code, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value."

[3] R.C. 2945.59 provides:

"Proof of defendant's motive

In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

[4] Evid. R. 404(B) supercedes R.C. 2945.59. See Giannelli, Ohio Evid. Manual (1982), Authors Comment Sec. 404.09, p. 21.

[5] Our decision, in part, is based upon appellant's failure to provide a record of the first trial.