DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-appellant, Joseph E. Oliver, appeals from an order of the Cuyahoga Falls Municipal Court that modified an award of damages against Defendant-appellee, Stephen Krutowsky. We reverse.
This appeal arises from a dispute between Mr. Oliver, an attorney, and Mr. Krutowsky, a former client, over the amount of fees owed to Mr. Oliver on the termination of their relationship. On June 24, 1997, Mr. Oliver filed suit against Mr. Krutowsky to recover unpaid fees. Mr. Krutowsky filed a leave to plead on August 12, 1997, that extended through September 2, 1997. On September 5, Mr. Oliver moved for default judgment, and the trial court entered a default judgment against Mr. Krutowsky on September 17, 1997. Mr. Krutowsky moved to vacate the judgment pursuant to Civ.R. 60(B). On September 18, 1997, the trial court set the motion for a hearing and granted a stay of execution conditioned on Mr. Krutowsky's payment of surety in the amount of $15,000.
On October 20, 1997, the trial court made a handwritten notation stating that Mr. Krutowsky's motion to vacate was denied and that the case would be set for a hearing on damages. This notation did not bear the time stamp of the trial court. Nonetheless, Mr. Krutowsky filed a timely notice of appeal from that notation, followed by a notice of cross-appeal filed by Mr. Oliver. The trial court journalized its ruling on December 2, 1997. Mr. Krutowsky voluntarily dismissed his appeal and moved for dismissal of Mr. Oliver's cross-appeal for lack of a final appealable order. This court granted the motion to dismiss on February 11, 1998, relying on the trial court's October 29, 1997, notation, and stated that, "in the instant case, the trial court stated that it denied the motion, but would set a hearing for damages. * * * Because the trial court decided that the issue of damages had yet to be determined, no appeal lies from that order."
After the notices of appeal had been filed, but before this court dismissed the appeal, Mr. Oliver moved the trial court for an order in aid of execution of judgment. The court granted the motion and ordered the $15,000 surety to be paid to Mr. Oliver in satisfaction of his claims. On February 6, 1998, Mr. Krutowsky moved to "rescind" the court's order, arguing that the trial court had not conducted the hearing on damages. The trial court granted his motion on February 10, 1998, and vacated the order in aid of execution; ordered Mr. Oliver to return the surety; and set a hearing on damages. The hearing was eventually held on July 8, 1998. On August 5, 1998, the trial court ruled that Mr. Oliver was not entitled to interest on the outstanding balance, recalculated the judgment, and ordered Mr. Oliver to pay any excess money that he had received into escrow. This order was amended pursuant to Civ.R. 60(A) on September 9, 1998. Mr. Oliver appealed, raising one assignment of error.
ASSIGNMENT OF ERROR
 The trial court erred by modifying its earlier final judgment in favor of [Mr. Oliver] because the trial court lacked jurisdiction to enter orders after February 4, 1998[,] and its modifying orders of August 5 and September 2, 1998[,] were not entered pursuant to Civ.R. 60(B) and were violative of ORC 1343.03(A).
 I. Timeliness
Pursuant to App.R. 4(A), a notice of appeal must ordinarily be filed within thirty days of the entry of the judgment from which the appellant has appealed. Mr. Oliver filed a cross-appeal within thirty days of the trial court's October 20, 1997, handwritten notation. This court determined that the court's notation was not a final appealable order based on the court's statement that damages would be determined at a later hearing. We note, however, that this notation was not a final appealable order in form. Specifically, the notation was not time-stamped by the trial court and, therefore, was not a final order over which this court had jurisdiction. See State v. Anderson (Apr. 14, 1999), Summit App. No. 19145, unreported, at 2.
This court has jurisdiction to affirm, modify, or reverse only final-judgments; the trial court retains all jurisdiction that is consistent with that of this court. See State ex rel. ADLtd. Partnership v. Keefe (1996), 77 Ohio St.3d 50, 53. Because this court did not have jurisdiction over Mr. Oliver's cross-appeal, the trial court retained the jurisdiction to journalize its judgment on December 2, 1997, and to enter subsequent orders prior to the dismissal of the appeal. See Stateex rel. Eberling v. Nugent (1989), 40 Ohio St.3d 129, 129-30
(concluding that an appeals court's erroneous assertion of jurisdiction over an interlocutory order did not affect the jurisdiction of the trial court). The judgment entered December 2, 1997, was identical in content to the notation that this court determined not to be a final order in substance. Had Mr. Oliver chosen to file a timely notice of appeal from that judgment, therefore, this court would not have had jurisdiction.
With the matter of damages outstanding, pursuant to the December 2, 1997, judgment, this court could not have jurisdiction until the trial court entered a final judgment with respect to damages. The court did so on August 5, 1998.[1] Accordingly, Mr. Oliver's notice of appeal in this case was timely filed.
 II. Modification of Judgment
Mr. Oliver has argued that the trial court lacked jurisdiction to order a hearing on damages and to adjust the judgment amount after entering default judgment against Mr. Krutowsky on September 10, 1997. Specifically, he has asserted that because the default judgment was as to both liability and damages, it was a final order that could only be modified by application of Civ.R. 60(B).
The trial court's order granting default judgment stated:
 [I]t is hereby further ORDERED, ADJUDGED, and DECREED that judgment on the Complaint is granted to Plaintiff and against Defendant in the amount of Thirteen Thousand Four Hundred Six and 85/100 Dollars ($13,406.85), plus interest accruing thereon at the rate of 1.5% per month from and after June 1, 1997, plus the costs of this action.
In the December 2, 1997, order, the trial court "overrule[d] the [Civ.R. 60(B)] motion and [o]rder[ed] that the matter be set down for a hearing on damages." Because the prior order of the trial court granted default judgment to Mr. Oliver with respect to both liability and damages, the later order works a substantive change in the prior order.
A trial court may amend a judgment pursuant to Civ.R. 60(A) to correct clerical errors consisting of mistakes or omissions that are evident from the record and mechanical in nature, and that do not require a legal judgment. State ex rel. Litty v.Leskovyansky (1996), 77 Ohio St.3d 97, 100; Civ.R. 60(A). Similarly, a court may amend a judgment nunc pro tunc to reflect the actual decisions reached by the court. These amendments "are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." State ex rel. Litty v.Leskovyansky, 77 Ohio St.3d at 100. They do not contemplate substantive changes to a final order. See id. Changes to the substance of a final order may only be made as a result of action on a motion to set aside a judgment, in whole or in part. SeeKemper Secs., Inc. v. Schultz (1996), 111 Ohio App.3d 621, 625.
In this case, the trial court entered a default judgment as to both liability and the amount of damages. Mr. Krutowsky moved to set aside the judgment pursuant to Civ.R. 60(B). Although the court stated in its December 2, 1997, journal entry that the Civ.R. 60(B) motion was denied, the court also set the case for a hearing on damages. Because this journal entry required a hearing on the amount of damages, it differed in substance from the court's prior entry of default judgment. Accordingly, the court was without authority to substantively change its prior final order without also granting Mr. Krutowsky's Civ.R. 60(B) motion in part.
Mr. Oliver's assignment of error is sustained. The judgment of the trial court is reversed to the extent that it modified the default judgment entered on September 17, 1997.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Cuyahoga Falls Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT
CARR, J.
WHITMORE, J.
CONCUR
[1] This judgment was amended pursuant to Civ.R. 60(A) on September 2, 1998.