OPINION
This is an appeal from a foreclosure decree filed in the Ashtabula County Court of Common Pleas, following summary judgment in favor of appellee, Keybank National Association ("Keybank").
The underlying foreclosure action arose from a mortgage encumbering real property located in Ashtabula, Ohio, executed by appellant, Environment Services Company, Inc., ("ESC") as mortgagor, in favor of Society National Bank, Keybank's predecessor in interest, as mortgagee, securing a Commercial Note Variable Rate ("Note") issued by ESC and now held by Keybank.
On July 25, 2000, Keybank filed a "Complaint for Foreclosure, Marshalling of Liens and Other Equitable Relief" after ESC failed to pay the Note according to its terms. On December 21, 2000, ESC filed an answer, admitting that it issued the Note in favor of Society National Bank, Keybank's predecessor in interest, and secured the Note with an Open-End Mortgage Deed. Additionally, ESC raised four affirmative defenses, stating that Keybank's complaint:
 (1) failed to state a claim upon which relief can be granted;
 (2) is barred by the applicable statute of limitations;
 (3) is barred by the defense of accord and satisfaction; and
(4) is barred by want of consideration.
On November 3, 2000, Keybank filed a motion for summary judgment supported by the affidavit of Richard D. Yoakem, Vice President of Keybank. On December 15, 2000, ESC filed a "Motion to Consolidate and Brief in Opposition to Motion for Summary Judgment." ESC moved to consolidate Case No. 00 CV 390, brought by Linda Fronk ("Fronk"), ESC's sole shareholder, against Keybank, alleging that Keybank wrongfully liquidated certificates of deposit which belonged to her ex-husband, Landy Chung, and/or his corporation, Phoenix Combustion, Inc., in violation of a temporary retraining order enjoining liquidation.
ESC further argued that summary judgment was inappropriate because genuine issues of material fact existed as to whether Keybank acted inequitably in the case between Fronk and Keybank. ESC contended that if the trial court determined Keybank were liable to Fronk, equitable estoppel would bar foreclosure of its mortgage to satisfy the debt owed by ESC, a company wholly owned by Fronk.
On December 18, 2000, the trial court denied appellant's motion to consolidate and granted summary judgment in favor of appellee. On January 4, 2001, appellant filed a notice of appeal. On June 4, 2001, this court sua sponte dismissed the appeal on the grounds that the summary judgment was not a final appealable order because it was not dispositive of the entire case.
Appellee submitted a foreclosure decree, which was subsequently adopted by the trial court. From this judgment, appellant appeals, raising the following
assignments of error:
 "[1.] The trial court erred in granting plaintiff-appellee's motion for summary judgment.
 "[2.] The trial court erred in denying defendant-appellant's motion to consolidate."
We will address ESC's second assignment of error first. In appellant's second assignment of error, it contends that the foreclosure action should have been consolidated with the suit between Fronk and Keybank because the appropriateness of the remedy of foreclosure in this case should be premised upon a determination of whether Keybank acted equitably in the suit between Fronk and Keybank. If the trial court determined that Keybank were liable to Fronk, ESC argues that Keybank would not be entitled to the equitable remedy of foreclosure in this case and the court could offset any amount owing on the Note.
In opposition, Keybank asserts that the foreclosure action in this case, 00 CV 502, and the lawsuit initiated by Fronk against Keybank, Case No. 00 CV 390, arose from separate lending transactions involving different borrowers and guarantors; thus, the suits do not involve common questions of law or fact. Further, Keybank argues that the denial of a motion to consolidate is neither a judgment, nor a final order.
The Supreme Court of Ohio has so held in State ex rel. Eberling v.Nugent (1988), 40 Ohio St.3d 129, 129; thus, a denial of a motion to consolidate is not a final appealable order. Jamestown VillageCondominium Ass'n v. Market Media Research, Inc. (1994),96 Ohio App.3d 678, 688. Despite this, this court has jurisdiction to consider appellant's second assignment of error because the trial court's Foreclosure Decree was a final appealable order.
Pursuant to Civ.R. 42(A), a court may order the consolidation of pending cases that involve a common question of law or fact. A trial court has discretion in ruling on a motion to consolidate, and a reviewing court will not reverse the trial court's decision absent an abuse of discretion. McDonnold v. McDonnold (1994), 98 Ohio App.3d 822, 827. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. "Additionally, `the management of cases lies within the discretion of the court, and not with the parties so long as the rights of the parties are adequately protected.'" Perry v. Perry Local Sch. Dist. (June 30, 2000), 11th Dist. No. 99-L-174, 2000 Ohio App. LEXIS 2767, at *5-6, quotingDir. Of Highways v. Kleines (1974), 38 Ohio St.2d 317, 320.
In the instant case, the foreclosure action and the suit brought by Linda Fronk against Keybank, Case No. 00 CV 390, do not involve common questions of law or fact; they do not even involve the same parties. Although Fronk is ESC's sole shareholder, ESC does not argue or present any evidence that Fronk and the corporation, are one and the same. Further, the record is devoid of any evidence showing that the trial court's decision to deny ESC's motion to consolidate negatively affected ESC's rights. Thus, the trial court did not abuse its discretion in denying ESC's motion to consolidate. Appellant's second assignment of error is without merit.
In ESC's first assignment or error, it argues that there are genuine issues of material fact as to whether Keybank acted equitably in the case initiated by Fronk. ESC contends that if the trial court determines that Keybank's actions were not equitable, a foreclosure would not be fair, just, or equitable in the instant matter.
In opposition, Keybank argues that ESC failed to assert the affirmative defenses of estoppel and/or unclean hands in a responsive pleading under Civ.R. 8(C), or by amendment under Civ.R. 12, and, therefore, cannot raise those defenses in a response to a motion for summary judgment. Further, Keybank argues, ESC failed to meet its reciprocal burden, under Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial.
An appellate court reviews a trial court's decision to grant a motion for summary judgment under a de novo standard. Grafton v. Ohio EdisonCo., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Summary judgment is proper when:
 (1) no genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Civ.R. 56(C); Welco Indus., Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344,346.
Once the moving party has met its burden of supporting its motion with sufficient admissible evidence, the nonmoving party has a reciprocal burden under Civ.R. 56(E) to set forth facts showing that there is a genuine issue for trial. Dresher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107. If the nonmoving party does not satisfy this reciprocal burden, summary judgment, if appropriate, shall be granted against the nonmoving party. Civ.R. 56(E).
In the instant case, Keybank supported its motion for summary judgment with the affidavit of Richard D. Yoakem ("Yoakem"), Vice President of Keybank, who attested that ESC had defaulted on the Note secured by an Open-End Mortgage Deed and Keybank was entitled to foreclose on the real property. We conclude that Keybank satisfied its burden of supporting its motion for summary judgment with sufficient and acceptable evidence.
Consequently, ESC had a reciprocal burden to set forth facts demonstrating a genuine issue for trial, under Civ.R. 56(E). ESC did not dispute its obligation to Keybank pursuant to the Note and mortgage deed nor did it object to any of the statements contained in Yoakem's affidavit. Thus, ESC did not satisfy its reciprocal burden and failed to produce any evidence demonstrating a genuine issue for trial.
Instead, ESC argued that equity prohibits the remedy of foreclosure in the instant case, because ESC's sole shareholder, Fronk, has a suit pending against Keybank regarding the liquidation of certificates of deposit. As discussed, supra, the trial court did not abuse its discretion in denying ESC's motion to consolidate, therefore the outcome of the suit between Fronk and Keybank has no impact on the remedy sought in the instant case.
The doctrine of "unclean hands," if it had been properly raised in a responsive pleading under Civ.R. 8(C), or by amendment under Civ.R. 12, instead of in ESC's motion opposing summary judgment, would only be relevant if ESC demonstrated that Keybank had unclean hands with respect to the subject matter in the instant case. "The cardinal maxim of equity jurisprudence, that he who comes into equity must come with clean hands, requires that the party seeking equitable relief not be guilty of reprehensible conduct with respect to the subject matter of the suit."Ossenbeck v. Calhoun Vine Realty Co.(Nov. 13, 1991), 1st. Dist. No. C-900592, 1991 Ohio App. LEXIS 5402, at *5-6, citing, Basil v. Vincello
(1990), 50 Ohio St.3d 185; Goldberger v. Bexley Properties (1983),5 Ohio St.3d 82; Kinner v. Lake Shore Michigan Southern Ry. Co. (1904), 69 Ohio St. 339.
Accordingly, we conclude that ESC failed to satisfy its Civ.R. 56(E) burden, and summary judgment was properly awarded to Keybank. Appellant's first assignment of error is without merit.
Based on the foregoing, the judgment of the Ashtabula Court of Common Pleas is hereby affirmed.
DONALD R. FORD, P.J., DIANE V. GRENDELL, J., concur.